**IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **AUDREY WIEMER** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-00240 |
| | ) | |
| **GC SERVICES, LP** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve Defendant at: | ) | |
| CT Corp System | ) | |
| 120 South Central Avenue | ) | |
| St. Louis, Missouri 63105 | ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Audrey Wiemer ("Plaintiff"), individually and as a representative of the class defined below (the "Class"), by and through her undersigned counsel, and for her Class Action Complaint against defendant, GC Services Limited Partnership ("Defendant"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Audrey Wiemer is a natural person currently residing in Jefferson County, Missouri.

2.      Upon information and belief, Defendant is a foreign corporation with its principal place of business located in San Antonio, Texas.  Upon information and belief, the principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

1

3.      Upon information and belief, Defendant is engaged in the collection of debts from consumers using the mail and telephone.

4.      Upon information and belief, Defendant is a "debt collector" as defined by the FDCPA because it uses instrumentality of interstate commerce or the mail in its business the principal purpose of which is the collection of debts and/or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5.      This is an action for statutory and actual damages brought by an individual consumer, for himself and all others similarly situated, for violations of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because the claim asserted herein arises under the FDCPA, a federal statute.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1441 because a substantial part the events giving rise to the claim occurred in this judicial district and Defendant removed this case from the Circuit Court of Jefferson County, Missouri, a state court embraced by this judicial district.

## GENERAL ALLEGATIONS

8.      On or about April 14, 2014, Defendant sent a written communication (the "Collection Letter") to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff to Chase Bank USA, NA ("Chase").

9.      Plaintiff is a "consumer" within the meaning of the FDCPA because he is a natural person alleged to be obligated to pay a debt owed to Chase.

10.     The alleged debt that Defendant was attempting to collect from Plaintiff was a "debt" as defined by the FDCPA because it is an alleged obligation of a consumer arising out of a transaction in which the services that are the subject of transaction were primarily for personal, family, or household purposes in that it arises out of unpaid credit services alleged to have been provided to Plaintiff in Jefferson County, Missouri.

11.     Upon information and belief, Defendant sent the Collection Letter to Plaintiff in connection with its attempt to collect a debt from Plaintiff as the Collection Letter, among other things, (a) bears Defendant's name at the top and bottom; (b) is "signed" by an employee of Defendant; (c) and indicates that it pertains to a "past due" Chase bill.

12.     The amount the Defendant was trying to collect was $6,444.43.

13.     The amount that was actually owed to Chase was $5,534.71, as per the Form 1099-C Cancellation of debt document received from Chase.

14.     Once Chase cancelled the debt and the credit agreement, Defendant was no longer allowed to charge interest at the agreed upon rate.

15.     The Defendant attempted to collect more than what Plaintiff owed to Chase.

## CLASS ALLEGATIONS

16.     Upon information and belief, it is Defendant's routine business practice to engage in the collection tactics described above.

17.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action is brought by Plaintiff, on behalf of himself and all others similarly situated, who are members of the following class (the "Class") against Defendant:

> All consumers within Missouri, Illinois with whom Defendant sent a written communication (a) in an attempt to collect a debt; (b) where the original creditor was Chase Bank USA, N.A.; (c) during the one-year period beginning before the filing of the original Class Action Complaint and ending on the date of class certification; (d) in which Defendant attempted to collect an amount greater than the debt discharged by Chase Bank USA, N.A.

18.     Excluded from the Class are (a) Defendant, its employees, officers, directors, and all persons who have or had a controlling interest in Defendant; (b) Defendant's legal representatives, predecessors, successors, and assigns; (c) the judge to whom this case is assigned and such judge's immediate family; (d) Plaintiff's attorneys and their employees; and (e) all persons who properly execute and file a timely request for exclusion from the Class.

19.     Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveal that the Class should be expanded or modified.

20.     Upon information and belief, members of the Class are so numerous that joinder is impracticable. Plaintiff believes that Defendant is a high volume debt collector who attempts to collect thousands of consumer debts throughout Missouri and Illinois.

21.     Upon information and belief, Defendant has engaged in the improper collection communications described above with at least hundreds and possibly thousands of consumers.

22.     Plaintiff is a member of the Class that she seeks to represent.

23.     There are no unique defenses that Defendant can assert against Plaintiff individually, as distinguished from the Class.

24.     Plaintiff will assure the adequate representation of all members of the Class and will have no conflict with members of the Class in the maintenance of this action.  Plaintiff's claims are typical of the Class and are antagonistic to the interests of the Defendant.

25.     Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the Class claims throughout the course of this action.

26.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the members of the Class are virtually identical in that they raise the same questions of law and involve the same methods of collection contact by Defendant.

27.     Most, if not all, of the facts needed to determine damages are obtainable from Defendant's records.

28.     The purposes of the FDCPA will be best effectuated by a class action.

29.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

30.     Furthermore, as damages suffered by most members of the Class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the Class individually to redress the wrongs done to them.

31.     Many, if not all, class members are unaware that claims exist against Defendant.  There will be no unusual difficulty in the management of this action as a class action.

32.     There are questions of law and fact common to the Class that predominate over any question affecting only individual members of the Class including: (a) Whether Defendant is a "debt collector" pursuant to the FDCPA; (b) whether the liability that Defendant was seeking to collect from members of the Class constitute "consumer debt" under the FDCPA; (c) Whether Defendant sent out the collection letter in an attempt to collect a debt due to another; and (d) whether Defendant's attempts to collect an amount greater than the debt discharged by Chase Bank USA, N.A. is a violation of the FDCPA.

33.      Because many members of the Class are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

34.     Plaintiff's counsel has the necessary financial resources to adequately and vigorously litigate this class action.   Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

35.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual members of the Class is calculable and ascertainable.

## COUNT I: VIOLATION OF THE FDCPA

36.     Plaintiff re-alleges and incorporated herein by reference each of the allegations contained and set forth in paragraphs 1 through 35 of this Class Action Complaint as if such were fully set forth herein.

37.     In its attempts to collect the alleged debt from Plaintiff, Defendant has violated § 1692e(2) and § 1692f(1) of the FDCPA by using false impressions to characterize the amount of the debt and by attempting to collect an amount not permitted by law.

WHEREFORE, Plaintiff Audrey Wiemer, individually and on behalf of the proposed Class, request that the Court enter judgment against Defendant in her favor and provide the following relief:

(a) Certify this action as a class action and appoint Ms. Wiemer as a representative of the Class;

(b) Appoint the undersigned counsel as counsel for the Class;

(c) Award Ms. Wiemer statutory damages, costs and reasonable attorney's fees against Defendant pursuant to 15 U.S.C. § 1692(k) for Defendant's violations of the FDCPA;

(d) Award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

(e) Award Ms. Wiemer an incentive award based upon her time expended on behalf of the Class and other relevant factors;

(f) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

_____

**JAMES W. EASON, #57112 MO**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**

**Attorney for Plaintiff**

8